# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KEVIN POWLEY,**
**Claimant Below, Petitioner**

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0753** (BOR Appeal No. 2051180)
                    (Claim No. 2014010769)

**WEST VIRGINIA UNIVERSITY- BOR,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin Powley, by Raymond A. Hinerman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia University- BOR, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is whether additional compensable diagnoses should be added to Mr. Powley's claim and whether Mr. Powley is entitled to a psychiatric consultation. On October 23, 2015, the claims administrator denied a request to add depressive disorder, spinal stenosis, and lumbosacral strain as compensable conditions in the claim, and denied authorization for a psychiatric consultation. The Office of Judges affirmed the decision in its March 18, 2016, Order. The Order was affirmed by the Board of Review on June 27, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Powley, a mechanic, injured his lumbar spine on September 17, 2013, when he was changing a bearing on a bus. He was seen in the emergency room at Ruby Memorial Hospital where he provided a history of L4-L5 back problems, including a burst fracture in the past. He stated he was experiencing extreme pain due to the injury. A CT scan of the lumbar spine performed on September 17, 2013, showed neuroforaminal narrowing at L4-L5 and L5-S1, which was similar to that seen on a June 16, 2011, myelogram. No acute process was identified.

1

Mr. Powley was diagnosed with lumbar back pain. The claims administrator held the claim compensable for a lumbar sprain/strain.

Dr. Gerbo treated Mr. Powley for the first time on September 24, 2013. He noted Mr. Powley had a history of chronic low back pain since a 2009 work injury for which he had been treated by another physician in the practice. Mr. Powley stated he was injured on September 17, 2013, when he was changing a bearing on a bus. He felt a pop in his back and had immediate pain. Mr. Powley also told Dr. Gerbo that prior to the injury his back had been acting up, so his primary care physician had ordered a lumbar spine MRI. The September 16, 2013, lumbar MRI revealed mild disc bulges at L1-L2 and L2-L3; mild disc bulge with early facet arthropathy, left greater than right, resulting in mild neural foraminal narrowing on the left at L4-L5, and early facet arthropathy with central disc protrusion and a small focus of increased signal suggestive of an annular fissure at L5-S1. Dr. Gerbo noted all of these were degenerative in nature. Dr. Gerbo diagnosed acute, intractable low back pain superimposed upon chronic low back pain.

Stuart Burstein, M.D., performed an independent medical evaluation for the psychiatric condition on September 23, 2014. In Dr. Burstein's opinion, Mr. Powley did not have a psychiatric condition related to the work injury. There was no evidence Mr. Powley was suffering from a mental disorder as a result of the work injury. He had been prescribed Cymbalta due to depression he attributed to the anniversary of his friend's death. Dr. Burstein assessed 0% impairment. He did not recommend any mental health treatment.

Scott Rainey, M.D., performed an independent medical evaluation on December 15, 2014. Dr. Rainey diagnosed lumbar sprain due to the September 17, 2013, work injury. He found that Mr. Powley exhibited pain out of proportion for the motions and tasks asked of him and for his participation in the examination. In Dr. Rainey's opinion, the lumbar sprain was a self-limiting condition that generally resolved in six weeks to three months.

On August 13, 2015, Dr. Gerbo completed a Diagnosis Update listing lumbar sprain/strain as the primary diagnosis and lumbosacral sprain, depressive disorder, and stenosis of lateral recess of the lumbar spine as the secondary conditions.

Bahar Altaha, M.D., saw Mr. Powley for depression on August 25, 2015, after his discharge from the hospital for suicidal ideation. Mr. Powley said August was a difficult time of year for him due to the death of his friend ten years ago. Dr. Altaha noted he still mourned his friend's death. Dr. Altaha diagnosed major depressive disorder due to his medical condition. He recommended Mr. Powley see an outpatient therapist.

The claims administrator denied Dr. Gerbo's request to add depressive disorder, spinal stenosis, and lumbosacral strain as compensable diagnoses and for a referral to a psychiatric consultation on September 9, 2015.

D. Kelly Agnew, M.D., performed an independent medical evaluation on September 30, 2015. He found that multilevel degenerative conditions pre-dated the September 17, 2013, injury. Dr. Agnew diagnosed chronic low back pain with degenerative changes seen on MRI before the

work injury. He also diagnosed lumbar sprain/strain, resolved, and ongoing complaints with overwhelming non-organicity in relation to the September 17, 2013, injury.

Mr. Powley was seen by Mark Miller, M.D., for his depression on October 9, 2015. Dr. Miller noted he was there for his Effexor, which Dr. Miller noted did not seem to have any benefit. Dr. Miller diagnosed major depressive disorder due to his medical condition. Dr. Miller stopped the Effexor and prescribed Nortriptyline. Outpatient counseling was recommended.

On October 20, 2015, the StreetSelect Grievance Board determined the claim was compensable for a lumbar stain/sprain only and affirmed the CA's denial of Dr. Gerbo's request to add depressive disorder, spinal stenosis, and lumbosacral strain as a compensable conditions, and authorization for a psychiatric consultation. Based on that decision, the claims administrator denied Dr. Gerbo's request to add depressive disorder, spinal stenosis, and lumbosacral strain as a compensable conditions, and denied authorization for a psychiatric consultation on October 23, 2015. On November 17, 2015, Mr. Powley was seen by Daniel Elswick, M.D. for his depression. Dr. Elswick diagnosed major depressive disorder. He made no changes to the medications. He also recommended outpatient therapy.

On March 18, 2016, the Office of Judges affirmed the claims administrator's October 23, 2015, denial of the addition of depressive disorder, spinal stenosis, and lumbosacral strain as compensable conditions, and denied authorization for a psychiatric consultation. Dr. Gerbo, Mr. Powley's treating physician, requested that lumbosacral sprain, depressive disorder, and stenosis of the lateral recess of the lumbar spine be added as compensable conditions on August 13, 2015. The Office of Judges noted that the claim was held compensable for a lumbar sprain/strain on October 10, 2013. It found that Dr. Gerbo did not state how stenosis was related to the resolved lumbar sprain/strain, and while Dr. Gerbo stated an MRI showed stenosis, there was no evidence of stenosis on the two MRI's in the evidentiary record. The Office of Judges relied on the opinions of Dr. Agnew and Dr. Rainey, both of whom opined that Mr. Powley's complaints were due to the pre-existing degenerative changes and not the compensable lumbar sprain/strain. Mr. Powley had reached maximum medical improvement from the compensable injury. The evidence did not support the addition of orthopedic components.

Turning to the issue of the depressive disorder, the Office of Judges noted that Mr. Powley had a psychiatric independent medical evaluation on September 23, 2014. It found that Dr. Burstein did not state the claimant was suffering from a psychiatric problem as the result of his injury. Mr. Powley started taking antidepressants due to the anniversary of his friend's death and his continued mourning of his friend. The Office of Judges determined the evidence did not support Mr. Powley's assertion that he suffered from a psychiatric impairment related to his injury. Therefore, no referral for a psychiatric consultation was required.

The Board of Review adopted the findings of fact and conclusions of law and affirmed the Office of Judges' Order on March 18, 2016. After review, we agree with the Board of Review. Mr. Powley had a long history of lumbar spine problems prior to the compensable injury that resulted in a lumbar sprain/strain. He underwent a lumbar MRI the day before the injury due to his complaints of back pain. The pre- and post-injury MRI findings did not change.

Dr. Gerbo failed to explain how the diagnosis of stenosis was related to the compensable injury. The Board of Review properly relied upon the opinions of Drs. Agnew and Rainey who both opined that Mr. Powley's continued complaints were related to the pre-existing lumbar spine condition. Additionally, there was no evidence supporting Mr. Powley's assertion that a psychiatric component should be added to the claim. While he may have been suffering from depression, he failed to prove it was related to the injury, or that he was entitled to a psychiatric consultation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker